IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA WALL,[1] individually
and on behalf of all those
similarly situated,

      Plaintiff,                               CIV. NO. S-05-2553 FCD GGH

    vs.

MICHAEL O. LEAVITT,

      Defendant.                            <u>ORDER</u>

_____/

        This case has been referred to the undersigned pursuant to E. D. Local Rule 72-302(a). Previously pending on this court's law and motion calendar for November 15, 2007, was defendant's motion to compel the deposition of plaintiff Pamela Wall and for sanctions, and plaintiff's motion for protective order to quash subpoena on plaintiff's counsel, Martha Bronson, and for sanctions. Martha Bronson appeared for plaintiff. Kelli Taylor and Robert Jackson represented defendant. After reviewing the papers and hearing oral argument, the court now issues the following order.

\\\\\

---

[1] Former plaintiff CARES, Inc. was dismissed by stipulated order on November 1, 2007.

1

BACKGROUND

This is a proposed class action lawsuit[2] wherein plaintiff Wall purports to represent those individuals who have had problems obtaining return of their third party personal injury settlement proceeds which they claim are being unlawfully retained and used by defendant. She seeks to enjoin the Secretary from certain practices in regard to the Medicare program.

The portion of the complaint which is pertinent to plaintiff's motion for protective order states:

> 39. At this same time, various telephone conversation are held with Supervisor Brent Price of UGS. In some of those telephone conversations, counsel for MS. WALL is told by Brent Price that (1) UGS customarily includes any and all medicals paid by Medicare on the day of the third party accident and thereafter, even if the medical coding shows treatment was for other than accident related conditions; (2) UGS does not do any independent investigation or procuring of records when beneficiary questions a medical being unrelated and the beneficiary must obtain their own medicals and/or physician letters to prove that questionable medicals are not related; and, (3) UGS customarily increases liens to include more medicals even after they receive knowledge that the case has settled. In one of those conversations Brent Price is told that MS. WALL would like to apply for a waiver of overpayment and Brent Price agrees to send the waiver form and information.

Compl., ¶ 39.

DISCUSSION

At the outset the court notes personal attacks on opposing counsel, which will not be tolerated. The court will not impose sanctions at the present time. The parties are warned that in future, personal attacks will be sanctioned at $50 per word.

The parties also failed to properly comply with E.D. Local Rule 37-251 and this court's orders which required not only the filing of a joint statement but meeting and conferring in preparation of the joint statement. The parties are warned that failure to abide by this rule in

---

[2] Plaintiff's motion to certify the class is already under submission, to be addressed in a separate opinion.

future will be grounds for sanctions.  Furthermore, all filings submitted after the deadline for filing the joint statements in regard to the instant motions will be stricken.

### I. Defendant's Motion to Compel Deposition of Pamela Wall

At hearing, the parties indicated their agreement to hold Wall's deposition on November 29, 2007 at 10:00 a.m. at the U.S. Attorney's Office.  Failure to abide by this agreement will be grounds for future sanctions.

### II. Plaintiff's Motion for Protective Order and to Quash Subpoena on Martha Bronson

Plaintiff and her counsel, Martha Bronson, move for a protective order to enjoin the taking of Bronson's deposition.  Bronson claims that defendant is trying to take her deposition for purposes of harassment only, as defendant has not tried to obtain discovery elsewhere.  Although defendant points to Bronson's involvement in phone conversations and other communications pertinent to the claims, Bronson argues that the fact that she may be a percipient witness, by itself, is not enough to meet the rigid test for taking opposing counsel's deposition.

Although the Federal Rules of Civil Procedure do not explicitly preclude the deposition of a party's attorney, the cases discourage it to the extent that such a discovery request often gives the opposing party good cause for a protective order.  See, SEC v. Morelli, 143 F.R.D. 42 (S.D.N.Y. 1992); Buford v. Holloday, 133 F.R.D. 487 (S.D. Miss. 1990). West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301 (S.D. Fla. 1990).  The near presumption in favor of a protective order may be overcome where the attorney is a percipient witness to nonprivileged information.  Schwarzer, et al., Federal Civil Procedure Before Trial, § 11:113.3 (1992).

The party seeking to depose the opposing party's counsel has the burden to show three elements:

> (1) [n]o other means exist to obtain the information than to depose opposing counsel [citation omitted]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the

preparation of the case.

Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).

The Shelton criteria will be utilized by this court. The portion of the complaint which renders Ms. Bronson a percipient witness has been set forth above. Paragraph 39 outlines telephone conversations between Ms. Bronson and UGS representative Brent Price which are relevant and not privileged, and which would necessitate Bronson's deposition as it contains Bronson's personal observations. Defendant has also shown that Bronson's statements conflict with those of other witnesses, which renders her statements crucial to the preparation of defendant's case, and not available from any other source.[3] At hearing, Ms. Bronson was offered the option of striking paragraph 39 of the complaint or submitting to deposition. She chose to strike paragraph 39. Therefore, Ms. Bronson is prohibited from rebutting Brent Price's testimony with her own declaration or testimony. Letters referred to in the complaint would also require counsel's deposition in regard to their substance. Therefore, they are acceptable only insofar as they may give notice to the other side or indicate demands made, but not in regard to the substantive evidence they may contain. Plaintiff may use these letters for no other substantive evidentiary purpose in this litigation. Plaintiff must establish her case through evidentiary sources other than her counsel's statements, affidavit, declaration or testimony. Defendant's use of these letters or other such evidence is not limited.

At hearing, plaintiff's counsel argued to all such restrictions in order to avoid her personal deposition.

III.  Other Discovery Disputes

Also mentioned in the papers, but not specifically raised by the parties via motion, was plaintiff's failure to respond to interrogatories and requests for production of documents.

---

[3] Brent Price states in his declaration that he never demanded any non-MSP monies from plaintiff and Bronson indicated she would send a check for the MSP amount and the $15,000 settlement check for Medicare to endorse. She sent only the settlement check and not the MSP amounts, stating that she was concerned it would "expire." Price Decl. at ¶¶ 7, 8, 9.

The parties have now agreed that plaintiff shall produce all overdue responses, without objections,[4] by November 26, 2007 at 12:00 p.m.

To the extent that initial disclosures need to be supplemented, they shall be supplemented by November 26, 2007. The parties are referred to the amended scheduling order, filed October 24, 2007, with respect to expert disclosures and discovery.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for protective order to enjoin the deposition of Martha Bronson, and for sanctions, filed October 15, 2007, is granted in part in accordance with the terms described in this order. Paragraph 39 of the complaint is stricken. Ms. Bronson is prohibited from rebutting Brent Price's testimony with her own declaration or testimony. Letters written to or from Ms. Bronson as referred to in the complaint may be used by plaintiff only to show notice was given to the other side or demands made, but not in regard to the substantive evidence they may contain. Plaintiff may use these letters for no other substantive evidentiary purpose in this litigation. Plaintiff must establish her case through evidentiary sources other than her counsel's statements, affidavit, declaration or testimony. Defendant's use of these letters or other such evidence is not limited. Plaintiff's motion for sanctions is denied.

2. Defendant's motion to compel plaintiff Wall's deposition, and for sanctions, filed October 19, 2007, is granted in part. Wall's deposition shall be taken on November 29, 2007 at 10:00 a.m., at the U.S. Attorney's Office. Defendant's motion for sanctions is denied.

3. Filings relating to the instant motions filed after November 9, 2007, (docket numbers 92, 93, 95, 96, 97), are stricken.

\\\\\

---

[4] Because a motion regarding whether plaintiff stipulated to responses without any objections (substantive or routine) is not before the court, the court will not give an advisory opinion at this time.

4. Plaintiff shall produce all overdue discovery responses by November 26, 2007, at 12:00 p.m.

5. The parties shall produce all supplemental initial disclosures by November 26, 2007.

DATED: 11/29/07         /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Cares2553.dep.wpd