IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA WALL,[1] individually
and on behalf of all those
similarly situated,

       Plaintiff,                              CIV. NO. S-05-2553 FCD GGH

    vs.

MICHAEL O. LEAVITT,

       Defendant.                          ORDER
_____/

       This case has been referred to the undersigned pursuant to E. D. Local Rule 72-302(a). Previously pending on this court's law and motion calendar for November 1, 2007, was plaintiffs' motion to certify the class, filed June 20, 2007. Martha Bronson appeared for plaintiffs. Kelli Taylor and Robert Jackson represented defendant. After reviewing the papers and hearing oral argument, the court now issues the following order denying without prejudice plaintiffs' motion.[2]

       At hearing the issues susceptible to class certification were greatly narrowed, to wit, defendant's taking of monies which are unquestionably not part of a MSP (Medicare

---

[1] Former plaintiff CARES, Inc. was dismissed by stipulated order on November 1, 2007.

[2] Because the ruling is without prejudice to renewal of the motion, it can be determined by order rather than findings and recommendations. See United States v. Raddatz, 447 U.S.667, 673 (1980) (magistrate judge in non-consent case may determine any pretrial matter except "dispositive" motions).

1

Secondary Payor) claim, and by delaying the return of monies determined to be due to plaintiffs.

In regard to requirements for class certification, the first requirement of numerosity was unknown. Plaintiff purports to proffer a policy which seemingly would affect many people, but defendant counters that at best Wall's encounter was idiosyncratic, and at the hearing it became evident that plaintiff had not completed the discovery to establish the requirement of numerosity and/or other requirements for class certification, many of which were raised in defendant's opposition. In light of the apparent preference for courts to allow a second bite at the class certification apple; <u>Corley v. Tntergy Corp.</u>, 222 F.R.D. 316 (E.D. Tex. 2004); and for the reasons stated above, plaintiff's motion is denied without prejudice to its renewal with proper support.[3] Nothing in this order is meant to determine defendant's grounds to argue denial of class certification at a later time.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' motion to certify the class, filed June 20, 2007, is denied without prejudice.

2. Plaintiffs shall filed a renewed motion for class certification by April 18, 2008.

DATED: 12/3/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Wall2553.cert.wpd

---

[3] This district permits renewal of such motions. E. D. Local Rule 23-205 provides:
> In ruling on the motion, the Court may allow or conditionally allow the action to be so maintained, may disallow and strike the class action allegations, or may order postponement of the determination pending discovery or such other preliminary procedures as appear appropriate and necessary.