IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA WALL, individually
and on behalf of all those
similarly situated,

    Plaintiff,                       CIV. NO. S-05-2553 FCD GGH

    vs.

MICHAEL O. LEAVITT,

    Defendant.                     ORDER
_____/

        Presently before the court is defendant's ex parte application to vacate the March 6, 2008 hearing on plaintiff's discovery motion for failure to comply with E. D. Local Rule 37-251, filed February 26, 2008. Plaintiff has now filed a response to that application, pursuant to court order.

        Defendant's objection to the motion is plaintiff's alleged failure to comply with the local rules regarding meeting and conferring in order to prepare a joint statement. Pertinent to the application is the following abbreviated sequence of events, as related by defense counsel and not objected to by plaintiff's counsel. On January 18, 2008, plaintiff filed a motion to compel further responses to interrogatories, production of documents, to determine sufficiency of answers and objections to request for admissions and deem admissions admitted, to require

1

defendant to give privacy right notification to beneficiaries and require defendant to release files absent receipt of beneficiaries' written request for privacy protection, and for sanctions against defendant and counsel Kelli Taylor personally. After defendant objected to the motion based on untimeliness of the notice of motion, lack of meet and confer, and lack of a joint statement, on January 28, 2008, plaintiff re-noticed the motion for hearing on February 21, 2008, which was later rescheduled by the Court to March 6, 2008. The first meet and confer between the parties took place on January 28, 2008. The parties agreed to a continued meet and confer on February 1, 2008. Plaintiff was not available when defense counsel called at the agreed upon time on that date. On February 5, 2008, Ms. Bronson sent a letter to Ms. Taylor about the discovery dispute. Ms. Taylor responded on February 8th. Ms. Taylor did not hear back from Ms. Bronson, so on February 20, 2008, after having notified plaintiff previously that she needed to receive the draft joint statement by February 14th, Ms. Taylor e-mailed Ms. Bronson with her assumption that plaintiff's motion would not go forward. Ms. Bronson responded that day, indicating that the motion was still on and she would forward the joint statement to Ms. Taylor as soon as she could. Ms. Taylor responded that she needed it by the end of the day as there was only one week left before it had to be filed. As of the date of defendant's ex parte application, Ms. Taylor had not received plaintiff's portion of the joint statement.

        Plaintiff responded to this court's February 27th order by stating that the parties did participate in two lengthy meet and confer conferences by telephone but when it was time to make a commitment, defendant refused and made it apparent that the meet and confer was "for show" only. Ms. Bronson states she e-mailed Ms. Taylor on February 27, 2008 to invite further meet and confer efforts, and forwarded a draft joint statement at that time. Defendant states that this first draft of plaintiff's joint statement was provided to defendant on the 27th, but it was incomplete and did not concern the issues raised by the instant motion.[1] Ms. Bronson responded

---

[1] It apparently included portions of a joint statement from a previous hearing. Plaintiff also forwarded another version of a joint statement at 4:05 p.m., but it was similarly deficient.

that the joint statement did not have to be filed for another day, and there was plenty of time to go over the issues again. Further, Ms. Taylor could have filed her own joint statement if she did not want to wait for plaintiff's draft. As of the time Ms. Bronson filed her response to the court order, she stated she had not received the ex parte application and did not know its contents. Ms. Bronson states that she has made good faith efforts to meet and confer and requests additional time to address any other meet and confer issues raised by Ms. Taylor. She requests time to thoroughly review and respond to the allegations, up to and including March 3, 2008.

Plaintiff has included her portion of the joint statement addressing requests for production of documents, interrogatories and requests for admissions; however, defendant contends that on February 26th, Ms. Bronson informed Ms. Taylor that she would re-issue the requests for admissions, and that they would not be included in the motion. In regard to the interrogatories, Ms. Bronson "stated that she had 'not yet' had a chance to go through the interrogatories and thus those too would not be included in the motion." Def.'s Jt. Stmt. at 2-3. Plaintiff does not dispute this rendition. Ms. Taylor also contends in her portion of the joint statement, filed February 28, 2008, that plaintiff did not produce her portion of the joint statement until 1:09 p.m. on that date. Despite plaintiff's assurances that this version would not include new substantive information, it contained 11 new pages of argument, authority and previously unmade substantive claims. Therefore, defendant was unable to respond more substantively to the motion because Ms. Taylor was left with only two hours to respond. Defendant argues that plaintiff's motion should not be continued but should be denied.

Plaintiff's actions in regard to the instant motion are unacceptable. Particularly egregious is plaintiff's representation to defense counsel on February 26, 2008, that she was not intending to go forward with the requests for admissions and interrogatories, which apparently amounts to a significant portion of the dispute. Although the non-moving party should be able to prepare some part of its portion of the joint statement prior to reviewing the moving party's portion, provided some meet and confer has occurred, it is a waste of a defending party's

resources to have to prepare for a discovery motion, only to be told two days before the joint statement is due that some part of the motion will not go forward. Of particular concern is Ms. Bronson's alleged statement that she had not had a chance to go through the interrogatories (also two days before the joint statement was to be filed), and therefore they would not be included in the motion, a motion that was noticed on January 18, 2008, approximately 5 ½ weeks before Ms. Bronson made this statement. The failure to review discovery which is the subject of her own motion borders on bad faith. Further, plaintiff's counsel's statement that "it was premature for Ms. Taylor to request the hearing be taken off since the Joint Statement was not even due for another day and there appeared ample time to go over the issues again, ..." does not recognize the reality of class action litigation practice.

Accordingly, IT IS ORDERED that:

1. Defendant's ex parte application – to vacate the March 6, 2008 hearing and deny plaintiff's motion to compel – is granted.

2. Plaintiff's January 28, 2008 motion to compel discovery and for sanctions is denied without prejudice to its renewal with the condition that plaintiff meet and confer with defendant, and present her completed portion of the joint statement to defendant five court days prior to the date for filing the joint statement.

3. Failure to comply with this order will result in sanctions.

DATED: 02/29/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Cares2553.vac.wpd