1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9   PAMELA WALL,[1] individually
    and on behalf of all those
10  similarly situated,

11          Plaintiff,                    CIV. NO. S-05-2553 FCD GGH

12          vs.

13  MICHAEL O. LEAVITT,

14          Defendant.                    ORDER
    _____/

15          This case has been referred to the undersigned pursuant to E. D. Local Rule 72-

16  302(a).  Previously pending on this court's law and motion calendar for March 13, 2008, was

17  plaintiff's amended motion to compel responses to requests for admissions, interrogatories, and

18  requests for production of documents.  Martha Bronson appeared for plaintiff.  David Shelledy,

19  Kelli Taylor and Robert Jackson represented defendant.

20          It became apparent during the hearing that certain matters must be resolved before

21  proceeding with the instant discovery, in order to refine the issues.  Although it is generally

22  preferable to deal with class certification first, i.e., before adjudication of dispositive motions,

23  Fed. R. Civ. P. 23 does not mandate one inexorable approach.

24  \\\\\

25  _____

26          [1]  Former plaintiff CARES, Inc. was dismissed by stipulated order on November 1, 2007.

1
2
3
4

These cases are consistent with the language of Rule 23(c)(1) calling for a class determination "as soon as practicable." They demonstrate that the timing provision of Rule 23 is not absolute. Under the proper circumstances-where it is more practicable to do so and where the parties will not suffer significant prejudice-the district court has discretion to rule on a motion for summary judgment before it decides the certification issue.

5   Wright v. Schrock, 742 F.2d 541, 543-544 (9th Cir. 1984)

6   See also Wiesmueller v. Kosobucki, 513 F.3d 784, 787 (7th Cir. 2008):

7
8
9
10
11
12
13
14
15
16
17
18
19

Which is not to say that the district judge may never dismiss a case on summary judgment without first ruling on the plaintiff's motion to certify a class. As we explained in Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 941-42 (7th Cir.1995) (citations omitted), "It is true that Rule 23(c)(1) of the civil rules requires certification as soon as practicable, which will usually be before the case is ripe for summary judgment. But 'usually' is not 'always,' and 'practicable' allows for wiggle room. Class actions are expensive to defend. One way to try to knock one off at low cost is to seek summary judgment before the suit is certified as a class action. A decision that the claim of the named plaintiffs lacks merit ordinarily, though not invariably, ... disqualifies the named plaintiffs as proper class representatives. The effect is to moot the question whether to certify the suit as a class action unless the lawyers for the class manage to find another representative. They could not here because the ground on which the district court threw out the plaintiff's claims would apply equally to any other member of the class. After granting the defendant's motion for summary judgment, therefore, and since (as was predictable, given the district judge's ground) no one stepped forward to pick up the spear dropped by the named plaintiffs, the judge denied the motion for class certification. When the procedure that we have just described is followed, the defendant loses the preclusive effect on subsequent suits against him of class certification but saves the added expense of defending a class action and may be content to oppose the members of the class one by one, as it were, by moving for summary judgment, every time he is sued, before the judge presiding over the suit decides whether to certify it as a class action. If we reverse, the plaintiffs will be able to renew their motion for class certification; that is no doubt why they appealed the adverse judgment in this ostensibly trivial case."

20   The instant case is one in which to depart from the usual approach. Plaintiff's

21   counsel has had some difficulty in refining the issues in this case. Defendant's counsel either

22   stubbornly, or otherwise, has seen fit not to recognize any possible theory within this case which

23   might implicate due process concerns, or even whether the agency has a de jure or de facto

24   \\\\\

25   \\\\\

26   \\\\\

1    procedural "policy" when it comes to seeking reimbursement from Medicare beneficiaries

2    and/or secondary payment sources.[2]

3              Accordingly, before engaging in very expansive and expensive class discovery, or

4    even the problematic discovery relating to class certification, it makes sense in this case to hone

5    or dismiss the due process issues in this case, indeed, if there exists an ultimately viable due

6    process issue. The "policy" issues which the court recognizes at present as the only potentially

7    viable class issue is:  whether the Secretary's actions in seeking to obtain Medicare

8    reimbursement payments from beneficiaries/secondary payers [3] insofar as the Secretary's actions

9    have the potential or demonstrated fact of depriving Medicare beneficiaries of monies (for any

10   period of time) which are not subject to Medicare reimbursement, prior to the time that

11   beneficiaries may be given meaningful due process, comports with due process constraints; and

12   the related issue of whether any pre-deprivation due process is necessary in any event. "Actions"

13   include express or implied policies directing the taking of such non-Medicare reimbursement

14   monies, and the lack of express policies. That is, if the Secretary through inaction permits its

15   collection contractors, working on the Secretary's behalf, to engage in actions which deny due

16   process to Medicare beneficiaries, that is, in fact, a "policy" of inaction.[4]  A necessary issue to

17              [2]  The facts of the named plaintiff's case clearly demonstrate that monies in excess of
18   those properly allocated to Medicare secondary payment reimbursement may be acquired by the
     Secretary for a period of time. This, of course, raises a potential pre-deprivation due process
19   issue.

20              [3]  As all recognize, this case involves Medicare's attempts to secure reimbursement for
     medical expenses which are also recovered by a Medicare beneficiary from some other source,
21   e.g., tort settlement, worker's compensation, private insurance. The undersigned does not
     understand plaintiff to be claiming that Medicare has no right to seek reimbursement; the issue
22   here is procedural, i.e., what process is due, if any, in the reimbursement attempts.

23              [4]  The fact that the Secretary has a process which eventually adjudicates the propriety of
     acquisition of monies from secondary payment funds, i.e., provides for a determination of what
24   truly belongs to Medicare and what does not, is undisputed. The issue here is the timing of that
     process vis-a-vis the taking of monies from secondary payment sources, in whole or in part,
25   prior to a time when Medicare beneficiaries can meaningfully contest a taking of monies which
     they believe are not properly subject to Medicare reimbursement. Of course, a possible outcome
26   of the dispositive motions discussed in the text may result in a finding that no due process

resolution of this case also involves whether the Constitution requires any pre-deprivation due process in any event.

The court does not recognize as a potential class action issue in this case whether the administrative adjudicative process itself, once it is engaged, denies due process to Medicare beneficiaries.  The named plaintiff's case as presented in the complaint does not present any viable *class action* issues in this respect.  It is the timing of the adjudicative process which is the potentially viable class action issue.[5]

Limited discovery as discussed at hearing and directed to the summary judgment issue is appropriate prior to summary judgment.

Accordingly, IT IS ORDERED that:

1.  Medicare contractors involved in attempts at acquiring the secondary payment reimbursement at issue are "parties" for purposes of discovery;

2.  In preparation for her summary judgment motion, plaintiff may take deposition(s) of Rule 30(b)(6) witness(es) limited to the policy issues described herein.  In regard to contractor witnesses, plaintiff's counsel must travel to the district where the witness resides for the deposition.  The deposition(s) must be completed by May 9, 2008;

3.  Plaintiff shall file a summary judgment motion by May 22, 2008, and properly notice it for hearing.  The motion shall be limited to the following issues:

a.  Whether the Secretary (Medicare) has any policies as described above which permit him to deprive Medicare beneficiaries of their monies received from secondary payment sources, not subject to Medicare reimbursement, prior to the occurrence of meaningful due process; and

b.  Whether any pre-deprivation due process is necessary in any event.

---

violations occur due to the Secretary's action or inaction.

[5]  Any issue which the named plaintiff maintains with respect to the adjudicative process per se appears very individual to the plaintiff in this case.

1          4.  The court defers ruling on plaintiff's amended motion to compel discovery,

2   filed March 3, 2008, until after resolution of plaintiff's summary judgment motion.

3   DATED: 03/18/08

                                                          /s/ Gregory G. Hollows

4                                              _____

                                                          GREGORY G. HOLLOWS
5                                                          U. S. MAGISTRATE JUDGE

    GGH:076:Wall2553.ord
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26