IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA WALL,[1] individually
and on behalf of all those
similarly situated,

    Plaintiff,                    CIV. NO. S-05-2553 FCD GGH

  vs.

MICHAEL O. LEAVITT,

    Defendant.                <u>ORDER</u>

        This case has been referred to the undersigned pursuant to E. D. Local Rule 72-302(a).  On July 25, 2008, this court vacated plaintiff's July 16, 2008 motion for summary judgment from the August 14, 2008 calendar.  This order will explain the reasons why plaintiff will not be permitted to pursue her motion.

        Plaintiff was under court order to file her summary judgment motion by July 7, 2008.  Order, filed June 18, 2008.  Plaintiff was warned that no further extensions of time would be granted, as she had already received two extensions.  She did file her summary judgment motion on July 7, 2008, but it appears to have been only a place holder for her belated motion as it contained no statement of undisputed facts, declarations or other evidence.  In fact, after defendant filed a motion to strike it for these reasons, plaintiff withdrew it and substituted her

---

[1] Former plaintiff CARES, Inc. was dismissed by stipulated order on November 1, 2007.

1

July 16th motion for summary judgment. This "corrected" motion does contain declarations and a statement of facts, but no points and authorities. (docket #s 147-159). In filing this belated motion, plaintiff unilaterally gave herself a ten day extension of time which she knew the court would not grant.

Also significant to the court's decision is plaintiff's medical excuse used to obtain her second extension of time which the court finds in hindsight was manipulative and disingenuous. Plaintiff's request was granted in part based on a doctor's note which, without revealing the illness, indicated a condition which may or may not have been severe. Now defendant has informed the court that during the period of plaintiff's illness, she was able to file five pleadings in other actions. Defendant's Request for Judicial Notice, filed July 14, 2008. Plaintiff has not denied this assertion. If the court had been aware that plaintiff's illness was not of such severity as to preclude her from doing this work, it would not have relied on her representation and would have denied her second request for extension of time.

Plaintiff had sufficient time to file her motion, as her first request for extension of time was granted in part, giving her from May 22, 2008 to June 19, 2008 to file her motion. Moreover, her reasons for the original request were based at least in part on her stated inability to locate an important witness, Becky Seidler, despite her knowledge of Seidler's existence since at least June 20, 2007.

Aside from plaintiff's less than fully supportable reasons for seeking these extensions of time in regard to her summary judgment motion, plaintiff has unnecessarily delayed and complicated this case in numerous other ways, causing excessive work for the court, not to mention hardship on defense counsel. For example, on Friday, April 18, 2008 at 11:57 p.m., plaintiff filed an application to extend time to file a motion to certify, noticing it for hearing on Monday, April 21, 2008. This improperly noticed motion, set without obtaining a date from the courtroom clerk, required defendant to work on the weekend to file an opposition. After causing consternation to the court and defense counsel, plaintiff's counsel failed to appear at the

1 hearing. The subject of that hearing was unnecessary in any event, because the court had
2 previously ruled that the motion for summary judgment was to be filed before the motion to
3 certify the class, and although the court had not specifically vacated the deadline to file the class
4 certification motion, it should have been understood from the March 13, 2008 hearing and order
5 following. Plaintiff also requested a continuance to file the summary judgment motion because
6 she needed discovery, and because she had just located witnesses; however, the court noted she
7 had conducted none of the discovery suggested at the March 13 hearing and had done no
8 discovery of defendant or UGS to locate Seidler, despite her knowledge of witness Seidler's
9 existence since at least June 20, 2007. The court also denied plaintiff's vague request to protect
10 her from having to respond to "defendants abusive massive set of request for admissions" for that
11 reason. Plaintiff was warned by this order of April 25, 2008, that failure to properly notice her
12 motion for summary judgment would be grounds for sanctions.

13       There have also been occasions where the meet and confer process for discovery
14 was contentious, due in part to plaintiff's instigation by her delay in forwarding to defendant her
15 portion of the joint statement, and her withdrawal from her discovery motion large portions of
16 requested discovery at the last hour, merely because she had not had a chance to review it. See
17 Order, filed February 29, 2008. These types of problems as well as other delays by plaintiff not
18 only caused extra work for the court but served to impede the just expedition of this case. For
19 example, early in the case plaintiff did not properly serve defendant, yet improperly moved for
20 default. (docket #s 12, 19, 22.) Plaintiff repeatedly delayed her motion for class certification at
21 the time it appeared that class certification would proceed first hearings (docket #s 58, 77.) This
22 case is now almost three years old. For the aforementioned reasons, defendant's motion to strike
23 plaintiff's summary judgment motion will be granted.

24       Accordingly, IT IS ORDERED that:

25       1. Defendant's application to strike plaintiff's summary judgment motion, filed
26 July 16, 2008, (docket # 161), is granted. Plaintiff's motion, filed July 16, 2008, is stricken with

prejudice.

2. Defendant's application to strike plaintiff's July 7, 2008 summary judgment motion, filed July 14, 2008, (docket #144), is denied as moot based on plaintiff's withdrawal of her July 7th motion (docket #160).

3. Hearing on defendant's summary judgment motion is continued from September 4, 2008 to September 18, 2008.[2]

DATED: 08/19/08            /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Wall2553.msj

---

[2] Plaintiff submitted a proposed stipulated order to continue the hearing but it was not signed by defense counsel. In any event, defense counsel has separately requested a September 18, 2008 hearing date, (docket # 161), so plaintiff's request will be granted.

4