IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA WALL,[1] individually
and on behalf of all those
similarly situated,

       Plaintiff,                      CIV. NO. S-05-2553 FCD GGH

  vs.

MICHAEL O. LEAVITT,

       Defendant.                   <u>ORDER</u>

_____/

        Presently before the court is defendant's "ex parte application to strike plaintiff's August 22, 2008 motion for affirmative relief and memorandum of points and authorities or, alternatively, for opposition to be due 9/11/08," filed August 27, 2008. Defendant contends that this filing is merely an almost identical filing to plaintiff's motion for summary judgment which was previously stricken by the court on August 19, 2008. Defendant refers to docket #s 176 - 191, one of which is a "notice of motion and motion for findings of fact, declaratory relief and injunctive relief." (Docket # 177.) This motion will be vacated as the court previously struck plaintiff's motion for summary judgment *with prejudice*. Order, filed August 19, 2008. Another of plaintiff's August 22, 2008 filings is captioned an opposition but appears to be an almost identical duplicate of her motion for summary judgment, filed July 7, 2008, which she withdrew

---

[1] Former plaintiff CARES, Inc. was dismissed by stipulated order on November 1, 2007.

1

on July 16, 2008.[2] Defendant moves to strike it for various reasons but most importantly because it permits plaintiff to get around this court's August 19, 2008 order by simply renaming the caption as an "opposition" instead of a "motion for summary judgment." Rather than granting defendant's motion by striking this filing or forcing defendant to do even more work in preparing an opposition, this court will permit plaintiff's "opposition," (docket # 176), but will review it only to the extent that it addresses the issues raised by defendant in his summary judgment motion. Defendant may file a reply, but is instructed only to address those arguments, if any, that pertain to the issues raised by defendant in his motion. Plaintiff is advised that only those issues raised by defendant in his summary judgment motion will be adjudicated.

Accordingly, IT IS ORDERED that:

1. Defendant's August 27, 2008, ex parte application to strike plaintiff's August 22, 2008 filing or to permit the filing of an opposition, is granted in part and denied in part.

2. Plaintiff's "notice of motion and motion for findings of fact, declaratory relief and injunctive relief," (docket # 177), is vacated.

3. Defendant may file a reply to plaintiff's opposition, (docket #176), as instructed herein.

DATED: 09/05/08                                     /s/ Gregory G. Hollows

                                                    U. S. MAGISTRATE JUDGE

GGH:076:Wall2553.opp

---

[2] The filing stricken by the court on August 19, 2008 was plaintiff's "corrected" summary judgment motion, filed July 16, 2008.