IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA WALL,[1] individually
and on behalf of all those
similarly situated,

    Plaintiff,

vs.

MICHAEL O. LEAVITT,

    Defendant.

CIV. NO. S-05-2553 FCD GGH

ORDER

On October 29, 2008, this court issued findings and recommendations which recommended granting summary judgment to defendant on plaintiff's third cause of action (due process), and granting summary judgment in part on plaintiff's first cause of action to the extent that it alleged a lack of informal procedures to challenge and rectify the tentative requirement to repay Medicare for conditional payments made prior to payment by a primary payer. Provided that the findings and recommendations are adopted, the claims remaining are: the remainder of the first cause of action, that is, a violation of regulations and policies in the processing of plaintiff's claim; and the second, fourth, fifth and sixth causes of action, all of which concern post-deprivation issues which are not appropriate for class consideration. More specifically, the second cause of action concerns "violation of requirements for reconsideration requests." The

---

[1] Former plaintiff CARES, Inc. was dismissed by stipulated order on November 1, 2007.

Fourth Cause of Action contends a "violation of requirement to send waiver forms and information upon written request." The Fifth Cause of Action alleges "violation of requirement to provide correct appeal information." Finally, the Sixth Cause of Action indicts the Secretary for "fraudulent back dating of initial determinations," thus shortening the beneficiary's appeal period.

As this court explained in its findings and recommendations, because plaintiff does not seek monetary damages, in responding to a further summary judgment on remaining claims, plaintiff must address why the aforementioned remaining causes of action are not moot, whether plaintiff finally exhausted her own claims, and if there is a policy of action or inaction needing to be corrected such that maintenance of a class action is appropriate. As previously clarified, "issues of fact on a policy cannot be shown by a *potpourri* of attorney declarations which merely conclude that such a policy, *de jure* or *de facto* exists because of their 'past experience,' nor can they be demonstrated by unexplained incidents in which delay or some other problem was encountered." (Docket #202, at 30.) Therefore, the case will proceed with summary judgment on the remaining claims, with defendant as the moving party.

Although plaintiff seeks a ruling on her discovery motion and requests further discovery on post-deprivation policies, the court finds at present that further discovery is not warranted. Plaintiff may explain why further discovery is necessary to the remaining claims, however, in her opposition to defendant's summary judgment motion by way of a Rule 56(f) request.

/////
/////
/////
/////
/////
/////

Accordingly, IT IS ORDERED that:

1. Defendant shall file his motion for summary judgment within thirty days of this order.

2. Plaintiff shall file an opposition and/or cross-motion within thirty days of being served with defendant's motion. The opposition may explain why further discovery is needed under Fed. R. Civ. P. 56(f).

3. Defendant may file a reply within fifteen days of receiving plaintiff's opposition and/or cross-motion.

DATED: January 12, 2009

/s/ Gregory G. Hollows

U. S. MAGISTRATE JUDGE

GGH:076:Wall2553.so