IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA WALL,[1] individually
and on behalf of all those
similarly situated,

       Plaintiff,                              CIV. NO. S-05-2553 FCD GGH

  vs.

MICHAEL O. LEAVITT,

       Defendant.                           FINDINGS AND RECOMMENDATIONS
_____/

*Introduction and Summary*

        Too little, too late, too often. Although it may sound harsh, the foregoing is an accurate, factual description of plaintiff's overall efforts in this case. Once again, counsel has failed to timely oppose summary judgment, and for essential purposes, oppose it at all. For the reasons set forth herein, the Secretary's motion for summary judgment on the issues which remain in this case should be granted.

*Discussion*

    Facts

        This case brought as a potential class action, involving the reimbursement of Medicare from payments made by "primary payers" under the Medicare Secondary Payment Act (MSP), has been referred to the undersigned pursuant to E. D. Local Rule 72-302(a). The entire

---

[1] Former plaintiff CARES, Inc. was dismissed by stipulated order on November 1, 2007.

procedural history of the case will not be reiterated here as it was set forth in the first motion for summary judgment. As the record shows, that motion was directed to the major part of plaintiff's case – alleged unconstitutional pre-hearing taking of Medicare beneficiaries settlement or other payments from non-Medicare sources. The undersigned found that: "Medicare MSP law and regulations set up a situation which inevitably will result in many situations of Medicare's retention of undisputed, and/or ultimately determined, non-MSP monies. Although such raises a specter of unlawful governmental detention of property, for the reasons stated herein, Medicare's Secondary Payment law, policies, and procedures withstand facial due process attack in plaintiff's Wall's case, and generally."

> Accordingly, IT IS RECOMMENDED that defendant's motion for partial summary judgment motion, filed August 1, 2008, (docket # 166), be granted as to the Third Cause of Action, and the First Cause of Action insofar as it alleges the non-existence of informal procedures for challenging and rectifying a tentative requirement to repay Medicare for conditional payments made prior to payment by a primary payer.

Findings and Recommendations filed October 29, 2008.

Just after the district court adopted the Findings and Recommendations on January 9, 2009, the undersigned scheduled the remainder of the motion practice in this case:

> .... Provided that the findings and recommendations are adopted, the claims remaining are: the remainder of the first cause of action, that is, a violation of regulations and policies in the processing of plaintiff's claim; and the second, fourth, fifth and sixth causes of action, all of which concern post-deprivation issues which are not appropriate for class consideration. More specifically, the second cause of action concerns "violation of requirements for reconsideration requests." The Fourth Cause of Action contends a "violation of requirement to send waiver forms and information upon written request." The Fifth Cause of Action alleges "violation of requirement to provide correct appeal information." Finally, the Sixth Cause of Action indicts the Secretary for "fraudulent back dating of initial determinations," thus shortening the beneficiary's appeal period.
> As this court explained in its findings and recommendations, because plaintiff does not seek monetary damages, in responding to a further summary judgment on remaining claims, plaintiff must address why the aforementioned remaining causes of action are not moot, whether plaintiff finally exhausted her own claims, and if there is a policy of action or

> inaction needing to be corrected such that maintenance of a class action is appropriate. As previously clarified, "issues of fact on a policy cannot be shown by a *potpourri* of attorney declarations which merely conclude that such a policy, *de jure* or *de facto* exists because of their 'past experience,' nor can they be demonstrated by unexplained incidents in which delay or some other problem was encountered." (Docket #202, at 30.) Therefore, the case will proceed with summary judgment on the remaining claims, with defendant as the moving party.
>
> Although plaintiff seeks a ruling on her discovery motion and requests further discovery on post-deprivation policies, the court finds at present that further discovery is not warranted. Plaintiff may explain why further discovery is necessary to the remaining claims, however, in her opposition to defendant's summary judgment motion by way of a Rule 56(f) request. Accordingly, IT IS ORDERED that:
>
> 1. Defendant shall file his motion for summary judgment within thirty days of this order.
> 2. **Plaintiff shall file an opposition and/or cross-motion within thirty days of being served with defendant's motion.** The opposition may explain why further discovery is needed under Fed. R. Civ. P. 56(f).
> 3. Defendant may file a reply within fifteen days of receiving plaintiff's opposition and/or cross-motion.

Order filed January 12, 2009 (emphasis added)

On January 28, 2009, a stipulation and order was filed permitting the motion for summary judgment to be filed on February 24, 2009, and "all other briefing deadlines...remain unchanged." The Motion was timely filed expressly setting out the hearing date of April 23, 2009. Under the order, opposition was due March 30, 2009.[2] No opposition was filed on that day, and such was noted by the Secretary and served on plaintiff's counsel on April 8, 2009.

It was not until April 10, 2009, 11 days late, that the "opposition" was filed. The word "opposition" appears with quotes in that the page-and-a-half filing was neither a discussion of the merits, nor a sufficient Fed. R. Civ. P. 56(f) request for further discovery pending the

---

[2] This computation includes the three days extra for "mail service," which applies for the electronic service performed in this case, and one extra day since the initial due date fell on a Sunday.

3

motion. Counsel understood that the opposition was late as she attempted to explain (despite the express wording of the above order) that she thought the thirty-day-after-opposition deadline applied only in the event a cross-motion was filed. Moreover, the request for discovery prior to adjudication of the motion contained only the following:

> Plaintiff is requires [sic] discovery before being able to respond to defendants' motion. Plaintiff has filed a motion to compel and this court has deferred responding to it. Plaintiff remains without evidence to respond and requests the court rule on her motion to compel so she has documents and evidence to respond to the motion for summary judgment.

Thereafter, on April 14, 2009, in a reply brief the Secretary laid out the entire history of defaults in this action by plaintiff's counsel. The chronology is accurate and adopted by the undersigned. It is also worth noting, for the facts that follow, that plaintiff's counsel was *thrice advised* about the date of hearing for the summary judgment motion: April 23, 2009. See cover sheet for the Motion filed on February 24, the Supplemental Brief filed on April 8, and the Reply filed on April 14. Plaintiff's counsel did not appear on April 23, 2009. Later that day, after the minutes of the hearing were posted noting counsel's absence, plaintiff's counsel advised via declaration that she had mis-calendared the hearing for April 24, 2009.

B. Discussion

A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. Martinez v. Stanford, 323 F.3d 1178, 1181 (9th Cir. 2003); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. Id. Given the prima facie validity of the Secretary's motion, and the lack of any record evidence or issue to require further review presented by plaintiff, the undersigned recommends that the Secretary's motion be granted, and award judgment in the

Secretary's favor.[3]

The above facts detail plaintiff's counsel's failures in respect to opposing this second motion for summary judgment. If this were the first default of procedural obligations, the undersigned could see his way to overlooking the problem. However, it is not the first time, not the second, not the third.... The Secretary's Reply brief detailing plaintiff's deficiencies includes reference to the facts that: the complaint was not served for nine months; denial of plaintiff's request for schedule extensions; unprepared for initial class certification hearing, including an order denying request to vacate the class certification motion, striking of late filed documents for initial class certification hearing; improperly noticed motions; continuous requests to extend set discovery deadlines; continuous requests to extend deadlines for filing first summary judgment motion; when a filing was finally made – incomplete filing with respect to first summary judgment motion; finally, vacating plaintiff's motion for summary judgment because of violation of court orders; striking of further papers filed contrary to court order. These observations are accurate.

\\\\\

---

[3] Martinez's apparent overruling of Brydges is perplexing. Well established is the rule that absent an on-point Supreme Court decision, one panel cannot overrule the decision of another panel. United States v. Mayer, 560 F.3d 948, 964 (9th Cir. 2009); Marley v. United States, 548 F.3d 1286, 1292 (9th Cir. 2008). Martinez cited to a panel case decided after Brydges which Martinez found controlling because it was filed after Brydges. There is no authority to the undersigned's knowledge for the proposition that the mere fact that one panel decision is later in time permits it to overrule an earlier case. The undersigned understands his duty to follow Ninth Circuit precedent, but that duty extends to all precedent including that which would find Brydges controlling because it did not itself overrule prior precedent and it was earlier in time than the later panel cases.

In any event, the undersigned has looked to the merits of the Secretary's motion as well. Nothing in that review requires the undersigned to become an advocate for plaintiff. Indeed, circuit precedent permits limiting review of the summary judgment motion to those papers to which the parties have referenced the court. Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1030 (9th Cir.2001) (stating the rule for represented parties: "Other circuits are not unanimous, but *Forsberg* is both binding on us and consistent with the majority view that the district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." If plaintiff has made no opposition, there is nothing to refer to except the Secretary's papers.

There is simply no way to overlook these deficiencies. If <u>Brydges</u> is controlling authority, <u>see</u> footnote 3, the undersigned recommends that discretion be exercised to grant the Secretary's motion as unopposed.

In the alternative, the court has reviewed the Secretary's motion. All that can be reviewed are the Secretary's papers because plaintiff has not filed any substantive opposition. Plaintiff's one paragraph Fed. R. Civ. 56(f) request is totally insufficient. In making such a request, one must do so "with specified reasons" why the party "cannot present facts essential to justify its opposition." No specific facts have been made whatsoever relating the facts to the actual legal issues raised. The issues here required no further discovery as plaintiff would have the information regarding *her* case at her disposal to respond, or the issues were purely legal in nature: (1) no actionable violation of regulations in processing plaintiff's case; (2) the Secretary's post-deprivation due process procedures are facially valid as a matter of law; (3) plaintiff failed to exhaust administrative remedies; (4) plaintiff's remaining post-deprivation issues are moot (as she is seeking no damages for alleged post-deprivation violations of law, and there are no injunctive measures which could apply to plaintiff's case); (5) plaintiff lacks standing to pursue her remaining claims. The cryptic, generalized request for discovery in order to respond to the Secretary's motion is transparent in its non-relevance to the issues raised, and nothing but a desperate stab to obtain an undeserved continuance.

The undersigned will not exhaustively analyze the Secretary's unopposed papers, but has reviewed them for prima facie validity.

1. *Remainder of the First [Claim] Cause of Action*

Plaintiff's first cause of action is that defendant violated the requirements for initial determinations by failing to require UGS to provide timely, written and accurate initial determinations on MSP claims in California, thus violating the Medicare statute and regulations and procedural due process. Compl. ¶¶ 55, 56. This court previously granted summary judgment on part of this first cause of action in its findings and recommendations on the general concerns

associated with deprivation of property prior to formal due process. Plaintiff's remaining allegations centered on alleged violations of procedures *in her case* associated with issuance of an initial determination:

> because plaintiff is not seeking monetary recompense for any alleged violation, plaintiff will be tasked with showing why the remainder of the First Cause of Action:
> (1) is not moot;
> (2) whether plaintiff finally exhausted her own particular complaints in this regard;
> (3) a *policy* of action or inaction that may need to be corrected such that maintenance of a class action is appropriate; issues of fact on a policy cannot be shown by a potpourri of attorney declarations which merely conclude that such a policy, *de jure* or *de facto* exists because of their "past experience," nor can it be demonstrated by unexplained incidents in which delay or some other problem was encountered.

Findings and Recommendations, filed October 29, 2008.

The Secretary now moves for summary judgment on the remainder of the first cause of action, addressing the issue of any post-deprivation violation of regulations and policies. First, the Secretary argues that there is no policy of action or inaction in existence which must be addressed through a class claim. Although plaintiff claims that the Secretary does not require, and UGS does not follow regulations to ensure due process in regard to timely written and accurate initial determinations, plaintiff has not identified any unconstitutional policy.

The Secretary also asserts that there is no jurisdiction as plaintiff has not exhausted her administrative remedies on her individualized claims. This court's July 11, 2007 order addressed exhaustion and found that exhaustion would be futile as the case involved policies and practices, and recommended denying the motion to dismiss on this basis. (docket #50). However, as noted by the Secretary, the court found an excuse for non-exhaustion focused on the constitutional claims raised by an asserted lack of pre-deprivation due process in general. Once those issues were decided, the apparent lack of exhaustion for an alleged lack of compliance with established procedures *in plaintiff's case* affected the jurisdiction of this court to proceed.

The Secretary additionally asserts that plaintiff's initial determination was timely issued because plaintiff delayed in informing Medicare about her settlement. Once informed, Medicare made an initial determination within fourteen days.

All of the Secretary's contentions are prima facie valid for the reasons set forth in the motion. In the absence of an opposition, summary judgment should be granted.

2. *Remaining Claims (2nd, 4th, 5th, 6th causes of action)*

The previous findings and recommendations set forth:

> Defendant [the Secretary] contends that these claims concern post-deprivation issues that the court already found were not appropriate for class consideration. See Order, filed March 18, 2008. The undersigned did not go so far as to make a definitive ruling.
> The Second Cause of Action concerns "violation of requirements for reconsideration requests." The Fourth Cause of Action contends a "violation of requirement to send waiver forms and information upon written request." The Fifth Cause of Action alleges "violation of requirement to provide correct appeal information." Finally, the Sixth Cause of Action indicts the Secretary for "fraudulent back dating of initial determinations," thus shortening the beneficiary's appeal period.
> Plaintiff cannot legitimately contend that adequate administrative procedures to resolve post-deprivation issues do not facially exist. Therefore, in further proceedings, because plaintiff is not seeking monetary recompense for any alleged violation, plaintiff will be tasked with showing why the above identified causes of action:
> (1) are not moot;
> (2) whether plaintiff finally exhausted her own particular complaints;
> (3) a *policy* of action or inaction that may need to be corrected such that maintenance of a class action is appropriate; issues of fact on a policy cannot be shown by a *potpourri* of attorney declarations which merely conclude that such a policy, *de jure* or *de facto* exists because of their "past experience," nor can they be demonstrated by unexplained incidents in which delay or some other problem was encountered.

Findings and Recommendations, October 29, 2008.

In the instant motion, the Secretary now contends that its post-deprivation procedures are constitutionally adequate as a matter of law. Despite the fact that plaintiff has failed to provide any evidence that post-deprivation procedures are inadequate or that her due

8

process rights were violated, the Secretary points to statutes and regulations providing for a right to challenge the determination, to seek reconsideration of the decision, to seek further review of the determination, to appeal that challenge, to have a hearing on that challenge, and to seek ultimate judicial review of any outcome. 42 U.S.C. § 1395ff(b)(1); 42 C.F.R. §§ 405.900, 405.1000. The Secretary points out that plaintiff objects to the implementation of these procedures; she does not raise constitutional challenges to the procedures themselves.

The Secretary further contends that the remaining causes of action are not exhausted, are moot, and that plaintiff has no standing to pursue them. In regard to exhaustion, the Secretary again posits that the court's prior finding that exhaustion was waived does not apply to these claims, but only applied to the previous constitutional challenges raised by plaintiff. The Secretary has cited the transcript from the hearing on the motion to dismiss re exhaustion where the undersigned stated that the previously decided claims regarding pre-deprivation due process were exempt from exhaustion but that the rest of the claims seemed to be "clearly within a claims process," and that exhaustion most likely applied to them. The Secretary is correct.

In regard to mootness, the Secretary asserts that these four remaining claims have been resolved. Plaintiff received an initial determination, her requests for reconsideration were successful, and therefore these claims are moot. The Secretary discusses each complaint plaintiff had and explains why it is no longer at issue. Plaintiff is not seeking any monetary damages despite her sometimes argument that a de minimus sum is still owed. The Secretary argues that plaintiff has no standing for the same reasons that the claims are moot.

It is apparent from the Secretary's argument that no injunctive relief is warranted for these claims in that the published procedures are surely sufficient from a constitutional standpoint, and in any event, whatever problems plaintiff encountered have been resolved. No injunction could issue for the purposes of admonishing the Secretary not to allow these past idiosyncratic problems to happen again – even assuming the truth of the problems. These were

one time problems with a past processing of a claim by Medicare. Again, plaintiff seeks no monetary relief.

For the above reasons, and those set forth in the Secretary's motion, summary judgment should be granted.

*Conclusion*

The Secretary's Motion for Summary Judgment on the claims remaining in this action, part of the First Cause of Action, and the Second, Fourth, Fifth and Sixth Causes of Action, (Docket #213) should be granted, and overall judgment should be entered in favor of Defendant Secretary.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 04/30/09

/s/ Gregory G. Hollows
_____
United States Magistrate Judge

GGH:ggh:035
wall2553.msj2