1  LAWRENCE G. BROWN
Acting United States Attorney
2  KELLI L. TAYLOR
Assistant United States Attorney
3  501 I Street, Suite 10-100
Sacramento, California 95814-2322
4  Telephone: (916) 554-2741

5  Attorneys for Kathleen Sebelius, Secretary of the
Department of Health and Human Services

6

7
                    IN THE UNITED STATES DISTRICT COURT
8
                 FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10

| | |
|---|---|
| CARES, INC. aka CONSUMER ADVOCATES RIGHTS ENFORCEMENT SOCIETY, a California not for profit public benefit consumer advocacy Corporation, PAMELA WALL, individually and on behalf of all those similarly situated, | Case No. 2:05-CV-02553-FCD-GGH |
| Plaintiff, | SETTLEMENT STIPULATION; RELEASES; DISMISSAL; ORDER THEREON |
| v. | |
| KATHLEEN SEBELIUS, Secretary of the Department of Health and Human Services, | |
| Defendant. | |

19

20        It is hereby stipulated by and between Plaintiff PAMELA WALL, individually and on behalf

21  of those similarly situated, ("Plaintiff") and Defendant KATHLEEN SEBELIUS, Secretary of the

22  Department of Health and Human Services, collectively referred to as "the parties", and their

23  undersigned attorneys as follows:

24        1.  On September 8, 2006 Plaintiffs CARES, Inc. aka CONSUMER ADVOCATES RIGHTS

25  ENFORCEMENT SOCIETY, a California not for profit public benefit consumer advocacy

26  corporation ("CARES") and PAMELA WALL, individually and on behalf of those similar situated,

27  filed a complaint for declaratory and injunctive relief challenges, among other things, the

28  constitutionality of the Secretary's pre and post-deprivation procedures for securing reimbursement

of expenses believed to be owed under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b)(2).

Stipulated Settlement Agreement                    1

1   (Court Docket ("CD") #1.)  On November 27, 2006 the Secretary answered the Plaintiffs' Complaint

2   denying the allegations therein and asserting numerous affirmative defenses.  (CD #28.)  Extensive

3   litigation, discovery and motions followed.  On November 1, 2007, Plaintiff CARES was dismissed

4   with prejudice from this action.  CD #82.)  On October 29, 2008 the Court issued an order and

5   finding and recommendations granting the Secretary's Motion for Summary Adjudication of the pre-

6   deprivation due process claims in the first and third causes of action.  (CD # 202.)  On January 9,

7   2009, the Court adopted the findings and recommendations and granted summary adjudication of the

8   pre-deprivation due process claims in the first and third causes of action.  (CD #209.) Thereafter,

9   additional motions for filed, including the Secretary's Motion for Summary Judgment on all

10  remaining claims.  (CD # 213-215.)  On May 1, 2009 the Court issued findings and

11  recommendations granting the Secretary's Motion for Summary Judgment on all remaining claims.

12  (CD #220.)  On June 19, 2009, the court adopted the findings and recommendations granting

13  summary judgment and entered judgment for the Secretary on all remaining claims in this case.  (CD

14  # 225, 226.)  On June 25, 2009, the Secretary timely filed a cost bill seeking $3,982.75 in costs for

15  this case.  (CD #227.)

16          2.         The parties hereby agree to settle and compromise each and every claim of any kind,

17  whether known or unknown, including right to appeal, arising directly or indirectly from the acts or

18  omissions that gave rise to the above-captioned action under the terms and conditions set forth in

19  this Stipulation.  Specifically, the Secretary agrees to waive all costs and expenses incurred in the

20  defense of this action in full settlement and satisfaction of any and all claims, demands, rights, and

21  causes of action of whatsoever kind and nature, arising from, and by reason of any and all known

22  and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the

23  consequence thereof, resulting, and to result, from the subject matter of this action, including any

24  claims by Plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them,

25  now have or may hereafter acquire against the Secretary arising from issues involved in this

26  litigation.

27          3.  Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to

28  accept the waiver of costs set forth in paragraph 2 as full settlement and satisfaction of any and all

Stipulated Settlement Agreement                    2

1 claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by

2 reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries,

3 damage to property and the consequences thereof that they may have or hereafter acquire against the

4 Secretary and its agents, servants, contractors, and employees on account of the same subject matter

5 that gave rise to this action, including any appeal rights and/or future claim or lawsuit of any kind or

6 type whatsoever, whether known or unknown, and whether for compensatory or exemplary

7 damages.  Plaintiff and her guardians, heirs, executors, administrators, or assigns further agree to

8 reimburse, indemnify and hold harmless the Secretary and its agents, servants, contractors and

9 employees from and against any and all causes of action, claims, liens, rights, or subrogated or

10 contribution interests incident to or resulting from further litigation or the prosecution of claims

11 arising from the subject matter of this action.

12     4.  Plaintiff's undersigned attorney represents that she has explained, and plaintiff warrants

13 and represents that she intends, that this Stipulation shall release all existing and future claims

14 arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action,

15 including claims that are unknown and unforeseen, notwithstanding Section 1542 of the Civil Code

16 of the State of California, which provides as follows:

17         A general release does not extend to claims which the creditor does

18         not know or suspect to exist in his favor at the time of executing [this]

19         Release, which if known by him must have materially affected his

20         settlement with the debtor.

21     5.  This Stipulation is not, is in no way intended to be, and should not be construed as, an

22 admission of liability or fault on the part of the Secretary or its agents, servants, contractors, or

23 employees, and it is specifically denied that they are liable to Plaintiffs.  This settlement is entered

24 into by all parties for the purpose of compromising disputed claims and avoiding the expenses and

25 risks of appeal and/or further litigation.

26     6.  The parties agree that they will each bear their own costs, fees, and expenses; that no

27 attorney's fees owed by plaintiff will be paid by the defendant; and that all outstanding or future

28 litigation related bills and liens will be the sole responsibility of plaintiff.  The Secretary agrees to

Stipulated Settlement Agreement                    3

1  withdraw the pending memorandum of costs upon the court's approval of this stipulation and entry

2  of order thereon.

3       7.      The parties agree and acknowledge that nothing in this agreement shall affect in any

4  way Plaintiff's right to receive her social security payments and the parties agree that no sums may

5  be deducted or claimed by the Secretary against Plaintiff in relation to this action.

6       8.  The parties and their undersigned attorneys agree to execute and deliver such other and

7  further documents as may be required to carry out the terms of this Agreement.

8       9.  Each person signing this Stipulation warrants and represents that he or she possesses full

9  authority to bind the person[s] on whose behalf he or she is signing to the terms of the Stipulation.

10       10.  Each person signing this Stipulation warrants and represents that no promises,

11  inducements, or other agreements not expressly contained herein have been made; that this

12  Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation

13  are contractual and not mere recitals.  This Stipulation may not be altered, amended, modified, or

14  otherwise changed in any respect, except by a writing duly executed by the party to be charged.  All

15  prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no

16  force or effect.

17       11.  Each person executing this Stipulation represents that he or she has read and understands

18  its contents; that he or she executes this Stipulation voluntarily; that he or she has not been

19  influenced by any person acting on behalf of any party.

20       12.  The above-captioned action is hereby DISMISSED WITH PREJUDICE in its entirety

21  and, upon approval by the Court as provided below, the Clerk of the Court is requested to enter this

22  dismissal and release in the official docket.

23       13.  Notwithstanding the entry of a dismissal herein, the parties hereby stipulate that Hon.

24  Frank C. Damrell, Jr., District Judge, shall retain jurisdiction to enforce the terms of this

25  compromise settlement.

26

27

28

Stipulated Settlement Agreement                    4

1    IT IS SO STIPULATED.

2    DATED: June 30, 2009                          LAWRENCE G. BROWN
                                                    Acting United States Attorney
3

4                                        By    /s/ Kelli L. Taylor
                                                KELLI L. TAYLOR
5                                               Assistant U.S. Attorney
                                                Attorneys for Kathleen Sebelius,
6                                               Secretary for the Department of Health and
                                                Human Services
7

8
     DATED: June 29, 2009                          BRONSON AND ASSOCIATES
9

10
                                         By     /s/ Martha Bronson
11                                              MARTHA BRONSON
                                                Attorneys for Plaintiff Pamela Wall, individually and
12                                              on behalf of those similarly situated

13

14   DATED: June 29, 2009

15

16                                       By     /s/ Pamela Wall
                                                PAMELA WALL, individually and on behalf of those
17                                              similarly situated

18

19                                       **ORDER**

20          Pursuant to the parties' stipulated settlement, and good cause appearing, the Court hereby

21   approves the stipulated settlement and orders this action dismissed with prejudice with Plaintiff to

22   waive all appeal rights and the Secretary to waive her right to collect costs with prejudice and per

23   the other terms and conditions set forth in the settlement agreement.

24          IT IS SO ORDERED.

25   DATED:  July 1, 2009

26

27                                              FRANK C. DAMRELL, JR.
                                                UNITED STATES DISTRICT JUDGE
28

Stipulated Settlement Agreement                    5